Chief C.E. Sharrett, Jr. City of Plantation 451 North West 70 Terrace Plantation, Florida 33317
Dear Chief Sharrett:
You ask substantially the following question:
May the special law enforcement trust fund, established under the Florida Contraband Forfeiture Act, be used to pay current police officers in the Vice, Intelligence and Narcotics Division of the police department whose regular duties involve the investigation of drug activity within the city?
In sum:
The special law enforcement trust fund, established under the Florida Contraband Forfeiture Act, may not be used to pay current police officers in the Vice, Intelligence and Narcotics Division of the police department who are engaged in carrying out their normal law enforcement functions.
You state that the Plantation Police Department has maintained a Vice, Intelligence and Narcotics Division (VIN) for the last fifteen years. There are eight law enforcement officers assigned to VIN. Their primary investigations involve drug activity within the jurisdiction of the City of Plantation. A question has been raised as to whether funds may be diverted from forfeiture funds for salaries of VIN officers who are tenured employees and not in the capacity of new or temporary employees. You state that it is your opinion that such funds should not be used to fund regularly budgeted positions.
The Florida Contraband Forfeiture Act, sections 932.701-932.707, Florida Statutes, authorizes the seizure and forfeiture of contraband articles, as well as the vessels, motor vehicles, aircraft and other personal property used in transporting, concealing, or conveying contraband. The act provides detailed procedures to effectuate such forfeitures and to dispose of the forfeited property. The law enforcement agency effecting a forfeiture of seized property may salvage or sell the property or may transfer it to any public or nonprofit organization rather than retaining it for the use of the law enforcement agency.[1]
If the property is sold, proceeds are first applied to any preserved lien balances, then to various costs incurred in connection with the forfeiture proceedings.[2] For municipalities, the remaining proceeds are deposited in a special law enforcement trust fund established by the governing body of the municipality.[3] These funds may only be expended upon the request of the chief of police to the governing body of the municipality, accompanied by a written certification that the request complies with section 932.7055(4), Florida Statutes, and only upon appropriation to the police department by the city's governing body.[4]
The contraband forfeiture act requires that "[s]uch proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, safe neighborhood, drug abuse education and prevention programs, or for other law enforcement purposes, which include defraying the cost of protracted or complex investigations, providing additional equipment or expertise and providing matching funds to obtain federal grants."[5] Section 932.7055(4)(c), Florida Statutes, prohibits the use of contraband forfeiture trust funds as "a source of revenue to meet normal operating needs of the law enforcement agency."[6] Based upon similar language in the previous statute, this office has stated that the legislative intent expressed therein is that these trust funds should be used only for the expressly specified purposes or for other extraordinary programs and purposes, beyond what is usual, normal or established.[7]
Thus, for example, this office in Attorney General Opinion 89-78 stated that the payment of salaries of police personnel would appear to be a normal operating expense of the municipal police department and special law enforcement trust funds could not be used to supplement such salaries.[8] In Attorney General Opinion 93-18, this office concluded that special law enforcement trust funds could be used to pay current city officers overtime to work on a new task force directed to preventing crimes involving tourists and drug trafficking:
While this office has recognized that detecting and combating drugs and drug abuse may be a normal duty of law enforcement agencies, participating in a task force concept for accomplishing these purposes would appear to be outside the regular or established approach to such law enforcement duties.[9]
Thus, while contraband forfeiture trust funds may be used to supplement the salaries of officers engaged in activities outside of the regular activities of such officers, they may not be used to fund the normal operating budget of a police department. Accordingly, I am of the opinion that the special law enforcement trust fund, established under the Florida Contraband Forfeiture Act, may not be used to pay current police officers in the Vice, Intelligence and Narcotics Division of the police department who are engaged in carrying out their normal law enforcement functions.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 932.7055(1), Fla. Stat. (1994 Supp.).
[2] Section 932.7055(3), Fla. Stat. (1994 Supp.).
[3] Section 932.7055(4)(a), Fla. Stat. (1994 Supp.).
[4] Section 932.7055(4)(b), Fla. Stat. (1994 Supp.).
[5] Sections 932.7055(4)(a) and (c)1., Fla. Stat (1994 Supp.).
[6] Section 932.7055(4)(c)2., Fla. Stat. (1994).
[7] Section 932.704(3)(a), Fla. Stat. (1991).
[8] And see, Op. Att'y Gen. Fla. 83-9 (1983) concluding that the furnishing of medical attention and treatment to county prisoners is a continuing and ongoing or regular duty of the sheriff's office and, therefore, forfeiture trust fund money may not be used for such purpose.
[9] And see, Inf. Op. to Chief Wayland Clifton, Jr., dated September 17, 1990, stating that the City of Gainesville could use contraband forfeiture funds to pay the salary and benefits of a full-time legislative liaison who was to develop statewide legislation for criminal justice assessment centers. This office concluded that such funds could be used in light of the nonrecurring limited duration of the position, provided that the position fell outside of the normal operating needs of the law enforcement agency and the municipal governing body determined that it fulfilled an appropriate law enforcement purpose.